UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| HUMPHRIES, et ux | CIVIL ACTION 07-1579 |
| VERSUS | U.S. DISTRICT JUDGE DEE DRELL |
| KMART CORPORATION | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

### Ruling on Motion to Remand

Before the court is plaintiffs' motion to remand, **Doc. #8**, referred to me by the district judge for report and recommendation. This is a suit in which plaintiff claims injuries due to a trip and fall at defendant's store. Suit was filed in Pineville City Court and removed by the defendant to this court based on diversity jurisdiction. Defendant stated, in its Notice of Removal, that this court has jurisdiction and that plaintiffs do not contend that their damages are less than $75,000. Defendant also quotes plaintiffs' claims from their petition.

Plaintiffs move to remand asserting that defendants have failed in their burden to prove jurisdiction and point out that the suit was filed in a city court, the jurisdiction of which is only $50,000. Further, plaintiffs offer evidence in the form of demand letters, which they argue show the jurisdictional limits of this court are not met. They also assert that, as shown by affidavit, the damages sought by plaintiffs do not exceed $75,000.

Defendant argues that the petition makes clear that plaintiffs are seeking more than $75,000 because a medical report shows that plaintiff has worsening back pain, numbness of his

1

right foot, scoliosis but no surgery is recommended.

## Analysis

It is well settled that the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. However, the Fifth Circuit has applied different standards of proof, depending upon whether the complaint prays for a specific amount of damages. Allen v R & H Oil and Gas Co., 63 F.3d 1326 (5th Cir. 1995). Where the complaint alleges entitlement to damages which exceed the jurisdictional limits of the court, now $75,000, the court may refuse jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. St. Paul Mercury Indemnity Co. v. Red Cab. Co., 58 S. Ct. 586 (1938). Where a specific amount of damages is not set forth, the legal certainty test is not applicable. Instead, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar v. Boeing Co., 11 F.3d 55 (5th Cir. 1993) (DeAguilar I).

In Louisiana, plaintiffs are prohibited by state law from specifying the amount of damages sought. La. Code Civ. P., Art. 893. In such a situation, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. De Aguilar I, supra. The defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" from the complaint that the claims are likely above $75,000, or (2) "by setting forth the facts in controversy–preferably in the removal petition, but sometimes by affidavit–that support a finding of the requisite amount." Allen, 63 F.3d at 1335. See Luckett v. Delta Airlines, Inc. 171 F.3d 295 (5th Cir. 1999). Plaintiff may, however, cite to a state statute for example, that prohibits recovery of more than the amount sought. De Aguilar v. Boeing Co., 47

F.3d 1404 (5th Cir. 1995) (De Aguilar II). Otherwise, a litigant who wants to prevent removal must file a binding stipulation or affidavit with her petition. Id.

Removal may not be based upon conclusory allegations and the jurisdictional facts that support removal must be judged at the time of removal.

Once jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75, 000 generally do not divest the court of diversity jurisdiction. St. Paul Mercury, supra.  While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits or stipulations and amendments may be considered only if the basis for jurisdiction is ambiguous, that is not "facially apparent", at the time of removal.  Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000); Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Columbia S. A., 988 F.2d 559, 565 (5th Cir. 1993), cert. den., 114 S. Ct. 685 (1994); St. Paul Mercury, supra.  See also,  (De Aguilar II). Any post petition affidavits or stipulations are allowable only if relevant to the time of removal.  Allen, 63 F.3d at 1335.

Plaintiffs' petition does not allege entitlement to a specific amount of damages. The petition asserts that plaintiff and his wife are entitled to damages for physical pain and suffering, mental anguish, medical expenses and loss of consortium.

In addition, plaintiff specifies his damages as:

1. Mild to moderate lumbar dextroscollosis

2. Marked lumbar spondylosis;

3. Grade 1 spondylolisthesis of L5 on S1 probably with bilateral spondylolysis

4. Central spinal stenosis is only minimal to mild at L1-L2 eccentric right and Mild

       at L2-L3 eccentric right

5.     Neural foraminal stenosis which is severe on the right at L4-L5, marked to severe on the right at L3-L4, and less prominent elsewhere, and

6.     Infrarenal abdominal aortic aneurysm measuring 4.0 cm, not primarily or completely examined.

Despite defendant's arguments to the contrary, under the circumstances of this case where plaintiffs have filed suit in city court, I do not find that these allegations clearly state entitlement to damages in excess of the jurisdictional limits of this court. See <u>Luckett</u> supra, and <u>Gebbia</u>, supra. Compare <u>Simon v. Wal-Mart Stores, Inc.</u>, 193 F.3d 848 (5th Cir. 1999). As defendants correctly point out, the fact that suit is filed in a court of limited jurisdiction is not determinative of the amount in dispute and there is the possibility of manipulation by a plaintiff. See <u>Davenport v. Bellsouth Corp.</u>, 2007 WL 2572317 (W.D. La. 2007). See also <u>Lee v. Advanced Fresh Concepts Corp.</u>, 2003 WL 22047351 (5th C. 2003) (where the court observed that the complaint, filed in a Louisiana city court was "necessarily limited to $20,000" and thus did not satisfy the $75,000 amount in controversy requirement until a subsequent demand letter changed things).

While the allegations of the petition could be construed to allege damages which exceed the jurisdictional limits of the court, those allegations must be construed in the context in which the suit was filed–city court. I find that the petition does not, on its face, allege damages which clearly exceed the jurisdictional limits of this court.

Therefore, defendant must show by a preponderance of other evidence that the amount in dispute is more than $75,000. Defendant argues that the medical report of Dr. Nanda shows that the damages exceed $75,000. I do not find that the report supports such damages. In addition,

plaintiff has filed copies of demand letters and responses which support his assertion that the amount truly in dispute in this case is far less than $75,000. Demand letters have been found relevant to the determination of the amount in dispute. See <u>Hartford Ins. Group v. Lou-Con Inc.</u>, 293 F.3d 908 (5th C. 2002); <u>Addo v. Globe Life and Accident Ins. Co.</u>, 230 F.3d 759 (5th C. 2000) (demand letter was "other paper"). Further, plaintiffs have filed an affidavit agreeing that their damages do not exceed $75,000. Such an affidavit is entirely proper to clarify the ambiguous amount in dispute at the time of removal. <u>Marcel v. Pool Co.</u>, 5 F.3d 81 (5th Cir. 1993).

As defendants have failed in their burden to show by a preponderance of the evidence that the amount in dispute meets the jurisdictional requisites of this court, the motion to remand should be granted.

For these reasons, IT IS RECOMMENDED that plaintiff's Motion to Remand, be GRANTED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS,**

**CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Alexandria, Louisiana, January 28, 2008.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE